___

**SO ORDERED,**

**Judge Neil P. Olack**
**United States Bankruptcy Judge**
**Date Signed: September 9, 2019**

The Order of the Court is set forth below. The docket reflects the date entered.
___

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

**IN RE:**

**MICHAEL VAUGHN HOSKINS HARRIS,**      **CASE NO. 19-02083-NPO**

**DEBTOR.**      **CHAPTER 13**

### MEMORANDUM OPINION AND ORDER OVERRULING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS

This matter came before the Court for hearing on August 26, 2019 (the "Hearing"), on the Trustee's Objection to Debtor's Claim of Exemptions (the "Objection") (Dkt. 24) filed by James L. Henley, Jr., the duly appointed standing chapter 13 trustee (the "Trustee"), in the above-referenced bankruptcy case. At the Hearing, Tylvester O. Goss represented the Trustee and Frank H. Coxwell represented the debtor, Michael Vaughn Hoskins Harris (the "Debtor"). After fully considering the matter, the Court finds as follows:[1]

### Jurisdiction

This Court has jurisdiction over the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A),

---

[1] The Court makes the following findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.

(B), and (O). Notice of the Hearing was proper under the circumstances.

**Facts**

1. On June 6, 2019, the Debtor filed a voluntary petition for relief (the "Petition") (Dkt. 1) under chapter 13 of the U.S. Bankruptcy Code (the "Code").[2] The Debtor listed "104 Riverpark #B, Jackson, MS 39202" (the "Duplex") as his street and mailing address. (Dkt. 1 at 2).

2. On Schedule A/B: Property (Dkt. 5 at 1), the Debtor described the Duplex as his homestead with a current value of $141,000.00. On Schedule C: The Property You Claim as Exempt ("Schedule C") (Dkt. 5 at 9), the Debtor listed the amount of the exemption he claimed in the Duplex as $21,000.00 as allowed by MISS. CODE ANN. § 85-3-21.[3] On Schedule I: Your Income (Dkt. 5 at 31–32), the Debtor does not list rent as a source of his income.

3. On August 14, 2019, Renasant Bank filed a proof of claim for money loaned to the Debtor in the amount of $121,213.46. (Bankr. Cl. 10-1). Repayment of the loan is secured by a deed of trust in the Duplex. (*Id.*).

4. On July 16, 2019, the Trustee filed the Objection, asking the Court to sustain the Objection, or in the alternative, to require the Debtor to remove the Duplex from Schedule C. (Dkt. 24). The Trustee argues that the Duplex, only one side of which is occupied by the Debtor,

---

[2] Hereinafter, all code sections refer to the Code found at Title 11 of the United States Code, unless otherwise noted.

[3] Mississippi's homestead exemption law provides, in pertinent part:

> Every citizen of this state . . . being a householder shall be entitled to hold exempt from seizure or sale, under execution or attachment, the land and buildings owned and occupied as a residence by him, or her, but the quantity of land shall not exceed one hundred sixty (160) acres, nor the value thereof, inclusive of improvements, save as hereinafter provided, the sum of Seventy-five Thousand Dollars ($75,000.00).

MISS. CODE ANN. § 85-3-21.

does not fall within the definition of an exempted "residence" as promulgated by MISS. CODE ANN. § 85-3-21. He appears to challenge application of the homestead exemption even to the side of the Duplex occupied by the Debtor.

5. Debtor filed a response to the Objection on August 1, 2019 (Dkt. 27) restating that the entire Duplex serves as his homestead property.

6. At the Hearing, the Debtor's counsel alleged that one side of the Duplex is currently vacant but the Debtor intends to remodel and rent that unit in the Duplex. (10:22:51-10:23:47).[4] Also at the Hearing, counsel for the Debtor provided the Court with copies of legal authorities in support of the Debtor's position. The Court gave counsel for the Trustee and the Debtor an opportunity to submit additional legal authority after the Hearing.

## Discussion

When a debtor files a bankruptcy petition, all of his assets become property of the bankruptcy estate unless the debtor claims the property as exempt. 11 U.S.C. § 522, § 541. "A fundamental component of an individual debtor's fresh start in bankruptcy is the debtor's ability to set aside certain property as exempt from the claims of creditors." *In re Urban*, 362 B.R. 910, 913 (Bankr. D. Mont. 2007). The procedure for claiming an exemption requires a debtor to list the exempt property on the schedules of assets filed in the bankruptcy case. 11 U.S.C. § 522(*l*); FED. R. BANKR. P. 4003(a). A debtor's claim of exemption is presumptively valid. 11 U.S.C. § 522(l). Any party in interest may object to the list of property claimed as exempt within thirty (30) days after the meeting of creditors or within thirty (30) days after any amendment to the list or supplemental schedules is filed, whichever is later. FED. R. BANKR. P. 4003(b). Because of the presumptive validity of a claimed exemption, however, "the objecting party has the burden of

---

[4] The Hearing was not transcribed. Citations to the testimony are to the timestamp of the audio recording.

proving that the exemptions are not properly claimed." FED. R. BANKR. P. 4003(c). If the objecting party produces evidence that rebuts the presumptively valid exemption, the burden of production shifts to the debtor to come forward with evidence demonstrating that the exemption is proper. *Fehmel v. Union State Bank (In re Fehmel)*, 372 F. App'x 507 (5th Cir. 2010) (unpublished) (citing *Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029 n.3 (9th Cir. 1999)). The burden of persuasion, however, always remains with the objector. *Id.* The operative time to determine exemptions for bankruptcy purposes is the date of the filing of the petition for relief. *In re Carpenter*, 278 B.R. 102, 106 (Bankr. N.D. Miss. 2002).

**A.   Introduction**

Whether the homestead extends to the total value of a duplex when the claimant resides on one side and rents the other is a matter of first impression in Mississippi. Minimal Mississippi case law exists defining how to determine homestead. *In re Carpenter*, 278 B.R. at 106 (quoting *Shows v. Watkins*, 485 So. 2d 288, 291 (Miss. 1986)). Guidance, however, can be gleaned from the holdings of Mississippi cases regarding the factors courts consider in determining the reach of the homestead exemption. *Id.* Additionally, other jurisdictions have interpreted their state's laws on the application of the homestead exemption to a multiple dwelling house.

The homestead exemption aims to protect the entire family from misfortunes or imprudence of the "householder." *Stinson v. Williamson (In re Williamson)*, 844 F.2d 1166, 1169 (5th Cir. 1988). Historically, Mississippi's homestead exemption law focused upon the ownership 1848 version of the homestead statute outlined the size restrictions as including "the dwelling-house and improvements of the owner, if there be any thereon." *Id.* Moreover, the determination of the value of the land for exemption purposes was "exclusive of the buildings and improvements thereon." *Id.*

Long-standing Mississippi precedent provides that Mississippi courts should "liberally construe" the homestead exemption in favor of the owner of the property exempted. *In re Carpenter*, 278 B.R. at 106-07; *see, e.g., Levis-Zukoski Mercantile Co. v. McIntyre*, 47 So. 435, 436 (Miss. 1908); *Dogan v. Cooley*, 185 So. 783, 790 (Miss. 1939); *Daily v. City of Gulfport*, 54 So. 2d 485, 488 (Miss. 1951); *Biggs v. Roberts*, 115 So. 2d 151, 153 (Miss. 1959); *In re Williamson*, 844 F.2d at 1169. The Supreme Court of Mississippi consistently has held that the homestead right is favored by law and when there is serious doubt as to whether property is a homestead, the doubt should be resolved in favor of the claimant. *Daily*, 54 So. 2d at 488 (quotation & citation omitted).

**B.      Purpose and Use**

The controlling factor in determining the homestead character land is "whether or not the property is devoted to homestead purposes." *In re Carpenter*, 278 B.R. at 107 (quotation & citation omitted). The Mississippi Supreme Court has interpreted the homestead exemption broadly to include many variations of the typical "residence" to maintain the public policy in favor of the claimant. Specifically, Mississippi courts have held that the occupancy or use of land by a family constitutes presumptive evidence of the use of the property as a homestead. *Daily*, 54 So. 2d at 487. Moreover, the statute does not require the "actual literal, continuous, physical occupation" of the land adjoining the residence for the owner to claim it as part of his homestead. *Id.* Additionally, in *Horton v. Horton*, 48 So. 2d 850 (Miss. 1950), the Mississippi Supreme Court held that even non-contiguous tracts of land may constitute a homestead when "the property is being devoted to homestead purposes and uses consistent with the purpose and use to which his home tract is devoted." *Id.* at 855.

Turning to the homestead decisions of other jurisdictions, the weight of authority allows the owner of a multiple dwelling house to claim the entire building as exempt for homestead purposes where the owner occupies only a part of the house as his family residence and leases part of the dwelling for residential purposes. Annotation, *Multiple Dwelling House Part of which is Occupied by Owner as Subject of Homestead*, 128 A.L.R. 1431 (1940). The question hinges in large part on the language of the statute or constitutional provision. Unlike states such as Florida, where the constitutional homestead allowance provides, in pertinent part, "'homestead . . . if located within a municipality . . . shall be limited to the residence of the owner or the owner's family,'" Mississippi's homestead statute does not include language limiting the exemption to the residence. *In re Bornstein*, 335 B.R. 462, 464 (Bankr. M.D. Fla. 2005) (quoting FLA. CONST. art. X, § 4(a)(1)). Mississippi's broad inclusion of property as a homestead more closely aligns with states like Kansas where the exemption provides for all improvements or, as in Mississippi, buildings.[5] In *In re McCambry*, 327 B.R. 469 (Bankr. D. Kan. 2005), the Kansas bankruptcy court concluded that disallowing a claimed exemption in an entire duplex where the owner occupies one portion of the structure and a tenant occupies the other leads to an irrational result since the homestead exemption is not lost for renting out additional space to a business. *Id.* at 475. The Kansas court weighed the control and dominion exercised by the claimants over the entire property to conclude that the tenant-occupied portion of the duplex unit did not infringe upon the use of the property as a traditional homestead. *Id.* at 476; *see e.g., Olsen v. Lohman*, 13 N.W.2d 332, 340 (Iowa 1944); In *re Myers*, 323 B.R. 11, 14 (Bankr. D.N.H. 2005).

---

[5] The Kansas homestead exemption law reads in pertinent part, "a homestead . . . occupied as a residence by the owner or by the family of the owner . . . together with all the improvements on the same, shall be exempted from forced sale." KAN. STAT. ANN. § 60-2301 (2019).

## C.     Business Property

The homestead exemption does not just protect a place of shelter but also the use of the homestead as a means of making a living. W.M. Moldoff, Annotation, *Homestead Exemption as Extending to Rentals Derived from Homestead Property*, 40 A.L.R.2d 897 (1955). The Supreme Court of Mississippi held that the intent of the legislature was to provide the rural exemptionist[6] with the opportunity to exempt not only the residence but also property used to earn money for the support of his family. *Baldwin,* 62 Miss. at 382. The Court reasoned that no other interpretation justified the statutory protection of over one hundred and sixty (160) acres of land since the quantity exceeded the needs of a residence and any possible curtilage. *Id.* In analyzing Texas homestead law, the United States Court of Appeals for the Fifth Circuit similarly held that a rural homestead also can include property where the landowner conducts his business. *In re Pool*, 598 B.R. 584, 589 (Bankr. W.D. Tex. 2019).

The Trustee relies on the narrow interpretation of the homestead exemption provided by the Mississippi Department of Revenue for purposes of ad valorem property taxes. Specifically, the Trustee relies on regulations implementing MISS. CODE ANN. § 27-33-21, which provide that a duplex, defined as a "[j]ointly owned property," is eligible for "full exemption for each owner on their equal share of the assessed value of the property." 35 MISS. ADMIN. CODE Pt. VI, R. 3.06 § 103.02(1)(d). A homestead exemption for tax purposes is based upon a completely different statutory provision than a homestead exemption for forced sale purposes. Although the availability of the tax exemption may otherwise evidence an intent by the property owner to establish a homestead, tax regulations have limited relevancy to the issue here. *In re Carpenter*, 278 B.R. at

---

[6] Mississippi eliminated the differentiation of a rural homestead from an urban homestead under the law. *Baldwin v. Tillery*, 62 Miss. 378, 382 (1884).

107–08.  Regardless, the regulation cited by the Trustee applies to a duplex that is jointly owned whereas the Debtor is the sole owner of the Duplex in question.  35 MISS. ADMIN. CODE Pt. VI, R. 3.06 § 103.02(1)(d).  The Trustee's reliance on the regulation is misplaced.

Here, Mississippi law favors the Debtor's interpretation of the homestead exemption.  The Debtor resides in one unit and intends to rent the other unit.  The Debtor owns the entire tract of land where the Duplex is located.  To deny the Debtor the right to claim the entire Duplex as exempt under the homestead provisions would be inconsistent with Mississippi's long-standing policy towards a liberal construction of the homestead exemption in favor of the claimant.  Additionally, excluding a duplex or other multi-unit income property from the exemptions would be inconsistent with Mississippi law that allows the use of a homestead to include business activities so long as the property does not exceed the acreage or value limitation in the statute.  For these reasons, the Court finds that the Trustee has not met his burden of proof and that the Objection should be overruled.

The Court could overrule the Objection on alternate grounds.  The operative time to determine whether a property is exempt for bankruptcy purposes is the date of the bankruptcy filing.  *In re Carpenter*, 278 B.R. at 108.  At the Hearing, Debtor's counsel stated, "[the Duplex] is not rented right now," but that the Debtor intends to remodel the vacant unit and rent it out.  (10:22:51–10:23:49).  That no tenant occupies the Duplex is also evidenced by Schedule I, where no rent is reported as income.  Therefore, at the time the Petition was filed, only the Debtor occupied the Duplex, and his use of the property did not present any obstacles to his claiming the entire Duplex as his exempt homestead.

## Conclusion

For the reasons previously stated, the Court finds that the Debtor is entitled to the homestead exemption under Mississippi law for the entirety of the Duplex.

IT IS, THEREFORE, ORDERED that the Objection hereby is overruled.

##END OF OPINION##